UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV864 JCH |
| ) | |
| CAPITAL RESTORATION AND ) | |
| PAINTING CO., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, filed December 3, 2009. (Doc. No. 15). The matter is fully briefed and ready for disposition.

By way of background, Defendant Capital Restoration & Painting Company ("Capital Restoration") executed a collective bargaining agreement with Plaintiff Cement Masons Local 527, effective through April 30, 2004. (Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Facts"), ¶ 3). Although Capital Restoration did not execute the subsequent May 1, 2004, through April 30, 2009, agreement, it submitted reports and contributions as required by the agreement, utilized members of Cement Masons Local 527 to perform its cement finishing work, and paid the wages set forth in the agreement. (Id., ¶ 4).[1] The agreements provide for the payment of liquidated damages on delinquent contributions, as follows:

> ...[I]f any individual Employer shall fail to pay contributions to trust funds as required by this Agreement on or before the due date, such Employer *shall be liable*, in addition to the unpaid balance, for liquidated damages of $25.00 for each delinquency, or 10% of the amount of the contributions which are owed, whichever is greater...

---

[1] Capital Restoration does not deny that it was bound by the subsequent agreement.

(Id., ¶¶ 6, 7, quoting Agreement Section 7.10 (emphasis added)).  The agreements also require delinquent employers to pay the Funds' attorneys fees and collection costs, and to maintain a surety bond or letter of credit.  (Id., ¶¶ 6, 8). Capital Restoration's letter of credit states in relevant part as follows:

> WE (First Bank) HEREBY ISSUE IN [Cement Masons Trust Fund's] FAVOR OUR IRREVOCABLE STANDBY LETTER OF CREDIT....DATED SEPTEMBER 19, 2008 FOR THE ACCOUNT OF CAPITAL RESTORATION....UP TO THE AGGREGATE AMOUNT OF USD10,000.00....AVAILABLE BY:....
>
> 3.    BENEFICIARY'S STATEMENT PURPORTEDLY SIGNED BY ONE OF ITS OFFICIALS READING AS FOLLOWS:
>
> "WE HEREBY CERTIFY THAT THE AMOUNT OF OUR DRAFT IS PURSUANT TO FAILURE IN ONE OR MORE OF THE FOLLOWING RESPECTS:  (1) TO MAKE REQUIRED PENSION, WELFARE AND VACATION PAYMENTS AND/OR (2) TO PAY WAGES DUE, AND/OR (3) TO REMIT UNION DUES TO CEMENT MASONS LOCAL 527 AS PER THE COLLECTIVE BARGAINING AGREEMENT BY AND BETWEEN CAPITAL RESTORATION AND CEMENT MASONS LOCAL 527."

(Plaintiffs' Exh. 6).

Beginning in March, 2008, Capital Restoration began paying its contributions to the Cement Masons Funds late, thereby accruing liquidated damages based on its late-paid contributions. (Reply Brief in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Reply"), P. 2).  After repeatedly advising Capital Restoration of its liability for liquidated damages, in April, 2009, Plaintiffs drew on Capital Restoration's letter of credit to collect $3,929.45 in unpaid liquidated damages for periods through December, 2008.[2]  (Id.; Plaintiffs' Facts, ¶ 9).  Capital Restoration objected to the

---

[2] The Beneficiary's Statement to First Bank stated as follows:  "WE HEREBY CERTIFY THAT THE AMOUNT OF OUR DRAFT IS PURSUANT TO FAILURE IN ONE OR MORE OF THE FOLLOWING RESPECTS:  (1) TO MAKE REQUIRED PENSION, WELFARE AND VACATION PAYMENTS AND/OR (2) TO PAY WAGES DUE, AND/OR (3) TO REMIT UNION DUNES (sic) TO CEMENT MASONS LOCAL 527 AS PER THE COLLECTIVE

use of the letter of credit to pay its unpaid liquidated damages. (Plaintiffs' Facts, ¶ 9). In a letter dated May 8, 2009, Capital Restoration purported to apply the money withdrawn on the letter of credit to its past due principal benefits contributions for January, February, and March, 2009. (Plaintiff's Exh. 5).

Plaintiffs filed their Complaint in this matter on June 4, 2009. (Doc. No. 1). In their Motion for Summary Judgment, Plaintiffs assert the withdrawal on the letter of credit properly was applied to the unpaid liquidated damages owed through December, 2008. (Plaintiff's Memorandum in Support of Motion for Summary Judgment, P. 3).[3] Plaintiffs therefore maintain they are entitled to payment for the months of January, February, and March, 2009, as follows:

| Month | Contributions Owed | Liquidated Damages Owed |
| --- | --- | --- |
| January 2009 | $0.00 | $75.00 |
| February 2009 | $891.33 | $131.08 |
| March 2009 | $2,987.24 | $260.72 |

(Id.).[4] As noted during oral argument on Plaintiffs' motion, the Court agrees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. No. 15) is **GRANTED**, and Plaintiffs are awarded judgment against Defendant Capital Restoration and Painting Company, in the amount of $4,345.37, plus attorneys' fees and court costs.

---

BARGAINING AGREEMENT BY AND BETWEEN CAPITAL RESTORATION AND CEMENT MASONS LOCAL 527." (Plaintiffs' Reply, att. Exh. 4).

[3] Plaintiffs reason that the application was proper, as the letter of credit covered "required payments to the Pension, Welfare and Vacation funds," and the payment of liquidated damages is required by the collective bargaining agreement. (Plaintiffs' Memo in Support, P. 3).

[4] Although in their memorandum Plaintiffs reference payments due for April, 2009, and July, 2009, during oral argument on this motion they limited their request to payment for January through March, 2009.

Dated this 23rd day of February, 2010.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE